**Florence FICK, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE CO., Defendant.**

**No. 03–80590–CIV.**

United States District Court,
S.D. Florida.

Feb. 3, 2004.

---

Paul Martin Sullivan, Jr., West Palm Beach, FL, for Plaintiff and Counter–Defendant.

Ralph Colby Losey, Akerman Senterfitt, Alan Harrison Brents, Katz Kutter Alderman Bryant & Yon, Orlando, FL, for Defendant and Counter–Claimant.

### ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

PAINE, District Judge.

This matter is before the court on Plaintiff's Motion to Dismiss Counterclaim, filed on September 12, 2003 (D.E.# 9). For the reasons set forth below, the court finds that the motion should be denied.

Plaintiff/Counterdefendant ("Fick") initiated the instant action against defendant/counterplaintiff ("MetLife") to recover, *inter alia,* long term disability benefits allegedly due her under the terms of an employee welfare benefit plan. MetLife responded to the complaint, and brought two counterclaims against Fick: (1) A claim for Equitable Relief Under ERISA Enforcing the Terms of the Plan; (2) A claim for Unjust Enrichment. Plaintiff now moves to dismiss defendant's Counterclaim under *Knudson* and its progeny.

At the outset, the court notes that Fick's motion seems to be directed to Count I of the counterclaim; that is, the claim for equitable relief under ERISA.

Indeed, there is no direct mention of Count II in plaintiff's motion. Nonetheless, in the abundance of caution, MetLife's Amended Response to the instant motion defends against dismissal of both counts of the counterclaim. The court finds that the instant motion is directed only to Count I, but also notes that it agrees with MetLife's reasoning why Count II should also remain[1]. Thus, the court will direct its analysis to Count I.

■ The crux of Fick's argument is that MetLife fails to set forth a claim for relief under ERISA, pursuant to the holding of *Great–West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). *Knudson* concerned the scope of the term "equitable relief" in actions brought by fiduciaries under 29 U.S.C. § 1132(a)(3). A plan fiduciary sought to enforce a plan subrogation right for medical benefits advanced by the plan against a tort settlement that was held in an attorney's trust account. *Id.* At 208–209. The Court held that an action for restitution brought under section 1132(a)(3) seeks legal, rather than equitable, relief if it seeks a personal judgment against the defendant from any funds in the defendant's possession. *See id.* at 213–214. Because the plan participants in *Knudson* were not in possession of the

requested funds, the Court construed the action as one seeking to impose personal liability upon the plan participants for a contractual obligation to repay—and, thus, as legal relief. *See id.* However, the court clearly stated that an action for restitution is equitable, and therefore permitted under section 1132(a)(3), when it seeks the return of particular funds or property that (a) *can be traced to the defendant's possession;* (b) belongs in good conscience to the plaintiff; and (c) has not been dissipated. *Id.* at 213–214, 122 S.Ct. 708(emphasis supplied).

■ Fick contends that the holding in *Knudson* bars MetLife's counterclaim. However, the court finds the instant case distinguishable from the facts in *Knudson*. Here, Fick opted to receive her full LTD benefits without any offset for social security (during the pendency of her social security benefits). In so doing, Fick *agreed* to repay the Plan for any overpayment. This option permitted Fick to receive full plan benefits while awaiting a decision regarding social security, as opposed to having her LTD benefits offset by an estimate of social security award. Subsequent to the option, Fick presumably received benefits from social security. It is this fact that distinguishes the case from *Knudson*[2].

---

1. *See* Amended Defendant's Response to Plaintiff's Motion to Dismiss Counterclaim (D.E.# 13) at p. 13–18. The court finds *Empire Kosher Poultry, Inc. v. United Food and Commercial Workers Health and Welfare Fund of Northeastern Penn.*, 285 F.Supp.2d 573, 579 (M.D.Pa.2003) particularly instructive in that the *Empire Poultry* court determined a common law claim for restitution remained a viable cause of action after *Knudson*. While here we have a common law claim for unjust enrichment in Count II of MetLife's counterclaim, the court finds the reasoning in *Empire Poultry* applicable to the instant matter.

2. Other post-*Knudson* courts have reached similar conclusions. *See, e.g. Honolulu Joint*

*Apprenticeship and Training Committee of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234, 1238 (9th Cir.2003)(suggesting that an action for reimbursement may be brought if *specific* funds in the possession of the plan participant are sought); *Godshall v. Franklin Mint Co.*, 285 F.Supp.2d 628, 634 (E.D.Pa.2003)(noting *Knudson* "left open the possibility that an action for 'equitable restitution' might be sustained…"); *Great–West Life & Annuity Ins. Co. v. Brown*, 192 F.Supp.2d 1376, 1381 (permitting plan insurer to seek restitution in equity because the fund were identified and clearly traceable to the award from third parties).

Because the funds Fick received are identified and able to be traced to social security benefit payments [3], the court finds that Count I of MetLife's counterclaim is not barred by *Knudson*. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss Counterclaim (D.E.# 9) is DENIED.

---

**3.** Pending discovery. *See* Amended Defendant's Response to Plaintiff's Motion to Dismiss at p. 9.